**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAM KAWALL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY;<br>SUPERIOR COURT OF NEW<br>JERSEY, CHANCERY DIVISION,<br>FAMILY PART; INDIRA WATTIE<br>RAMLAKAN<br><br>Defendants. | Civ. No. 15-6973 (KM)<br><br>**MEMORANDUM OPINION** |

**MCNULTY, U.S.D.J.:**

The plaintiff, Sam Kawall, brought this action against the State of New Jersey and the Superior Court of New Jersey, Chancery Division, Family Part, alleging that the state family court dispossessed him of his property, including three trucking companies. Kawall has also brought this action against Indira Wattie Ramlakan, his ex-girlfriend, who, Kawall alleges, misrepresented herself to the state court as his wife. She has been running the trucking company (apparently as a result of orders of the state court) since January 30, 2012. Kawall initiated this action as a petition under the All Writs Act, 28 U.S.C. § 1651, and a state rule governing replevin proceedings, N.J. Ct. R. 4:61, seeking the return of his trucking companies.

Now before the Court is the motion of the State of New Jersey and the Superior Court (collectively, "Defendants") to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and Fed. R. Civ. P. 12(b)(6) for

failure to state a claim. For the reasons set forth below, the motion will be granted and the complaint will be dismissed.

A motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). [B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977). A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003)

Rule 12(b)(1) challenges are either facial or factual attacks. *See* 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007). The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. Under this standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Id.* The jurisdictional arguments made here are based on the allegations of the complaint. Accordingly, the Court will take the allegations of the complaint as true. *See Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d

224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

Kawall initiated this action *pro se*, though he is now represented by counsel. Where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, it must meet some minimal standard. "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 Fed. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## DISCUSSION

As a threshold matter, Defendants seek to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of jurisdiction under the Eleventh

Amendment's sovereign immunity and the *Rooker-Feldman* doctrine. Both doctrines provide grounds for dismissal.

The Eleventh Amendment bars citizens from bringing suits for damages against any state in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984). The Superior Court is entitled to Eleventh Amendment immunity. *See Robinson v. New Jersey Mercer County Vicinage-Family Div.*, 514 Fed. App'x 146, 149 (3d Cir. 2013) (New Jersey county court was "clearly a part of the state of New Jersey," so "both the court itself and its employees in their official capacities were unconsenting state entities entitled to immunity under the Eleventh Amendment") (citing *Benn v. First Judicial Dist. Of Pa.*, 426 F.3d 233, 240 (3d Cir. 2005)). Accordingly, Kawall's claims against the State of New Jersey and the Superior Court are barred on the grounds of sovereign immunity.

The alternative ground for dismissal of the complaint goes directly to the court's subject matter jurisdiction, and it applies, not just to the State entities, but to the third, individual defendant as well. Although Ms. Ramlakan has not joined in the State defendants' motion, the Court is obligated to consider its subject matter jurisdiction even in the absence of a motion, and to dismiss claims over which it lacks jurisdiction. *See* p.2, *supra*.

Defendants seek dismissal of the complaint pursuant to the *Rooker-Feldman* doctrine, which is of jurisdictional stature. Se*e District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Lower federal courts do not sit as appellate courts over final state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 463, 126 S.Ct. 1198 (2006). *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005); *see also B.S. v. Somerset Cnty.*, 704 F.3d 250 (3d Cir. 2013). Thus, the doctrine applies where "(1) the federal plaintiff

lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

Here, these requirements are satisfied. First, Kawall lost in state court, where, on January 9, 2014, a final judgment of divorce was entered dissolving the marriage and dividing the parties' marital assets. Included in the division of assets were the three trucking businesses. Second, Kawall's federal complaint enumerates the injuries caused by the state court decision, namely that he has lost control over his businesses as the state court "issued a[n] Order to the local Sherriff of New Brunswick N.J. to escort the petitioner from his Trucking Company on January 30, 2012, and Ordered him not to go back on the premises no more." (Dkt. No. 1 p. 1) Third, the state court judgment was entered on January 9, 2014, well before Kawall instituted this federal action on September 21, 2015.[1] Lastly, Kawall seeks relief in the form of a review and rejection of the state court's decision. Indeed, in opposing the motion, Kawall repeatedly asserts that the state court made an erroneous determination and incorrectly interpreted New Jersey state law. (See Dkt. No. 27 at p. 5, 8) Thus, *Rooker-Feldman* applies, and it bars Kawall's claims. *See Purpura v. Bushkin, Gaimes, Gains, Jonas & Stream,* 317 F. App'x 263, 266 (3d Cir. 2009) (finding *Rooker-Feldman* barred claims seeking to invalidate state court divorce judgment and reverse distribution of assets); *Daniels v. Cynkin*, 34 F. Supp. 3d 433, 438–39 (D.N.J. 2014) (applying *Rooker-Feldman* to claims seeking reversal of divorce judgment).

---

[1]     That Kawall appealed the trial court's judgment does not affect the *Rooker* analysis. This action seeks to have the Court sit in "direct review" of the Superior Court and is an attempt to "circumvent" the state appellate process. *Port Auth. Police Benev. Ass'n, Inc. v. Port Auth of N.Y. and N.J. Police Dep't,* 973 F.2d 169, 178 (3d Cir. 1992) ("[T]he Rooker-Feldman doctrine precluded federal review of lower state court decisions, just as it precludes review of the decisions of a state's highest court.").

In sum, I will grant Defendants' motion, and I will dismiss the complaint in its entirety, against all defendants, for lack of jurisdiction. In so holding, I do not reach Defendants' remaining grounds for dismissal.

## CONCLUSION

Accordingly, the Defendants' motion to dismiss the complaint (Dkt. No. 24) for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is **GRANTED** and the complaint is **DISMISSED WITH PREJUDICE** in its entirety. An appropriate order accompanies this Opinion.

Dated: August 1, 2016

HON. KEVIN MCNULTY, U.S.D.J.